```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


DERRICK WASHINGTON,            )
                               )
            Plaintiff,         )    CIVIL ACTION NO.
                               )    11-10771-DPW
v.                             )
                               )
PETER S. AMAND, et al.,        )
                               )
            Defendant.         )
```

MEMORANDUM AND ORDER
March 29, 2013

The pro se plaintiff in this federal civil rights action has been a prisoner at the Massachusetts Correctional Institution - Cedar Junction. He has filed this action against a number of Department of Corrections employees and a registered nurse, variously alleging - in the now operative pleading, his Amended Complaint (#40) - excessive force, inadequacy of medical care, breach of a duty to protect him from prison attack and retaliation for filing grievances. The defendants associated with the Department of Corrections have filed motions to dismiss (##s 23 & 60); the nurse has answered and moved (#67) to have the case referred to a medical malpractice tribunal pursuant to Mass. Gen. L. C. 231, sec. 60B.

The DOC employees' motion (#23) to dismiss (requesting in the alternative, summary judgment) was directed to the substance of the plaintiff's claims, but it is formally responsive to the original complaint. A dispositive motion as to the Amended

Complaint has not been submitted.  I must treat motion #23 as moot in light of the supervening Amended Complaint.  This ruling is without prejudice to the submission by the DOC employee defendants, on or before April 12, 2013, of a dispositive motion denominated as directed specifically to the Amended Complaint.

A more recent motion to dismiss (#60), filed by other DOC employees addresses shortcomings in the service of process through which they were summoned to answer the amended complaint.  The plaintiff has not responded to this motion despite an extensive period within which to do so.  Given the daunting challenges confronted by a pro se prisoner litigant in providing the materials necessary for service of process through the U.S. Marshals Service, I am not inclinded to take an overly demanding approach to the asserted shortcomings.  Nevertheless, at this point a dismissal must enter regarding Kevin Flanagan, as to whom there is no return of service and who is not mentioned in any event in the amended complaint.  In that connection, I do not view the substitution of John Capolico, an identified defendant in the complaint, on one of the summonses to be improper.

As to Capolico and the other named defendants who have asserted service-based grounds for dismissal in Docket #60, I will deny the motion to dismiss without prejudice to renewal on April 12, 2013, if they seek to reassert the motion with knowledge that I will direct the Clerks Office to assure the

Marshals are provided with the necessary documents to comply with service obligations as to them and that any delay until service is ultimately perfected will deprive them of the opportunity to participate as parties in a renewed dispositive motion on the April 12 schedule I have established.

With particular reference to the defendant Richard Colon, I will, should the amended complaint survive the dispositive motion practice contemplated by this Memorandum, permit the plaintiff discovery to determine his proper address for service since he apparently is no longer employed by the DOC and the DOC through its counsel has not been forthcoming or helpful in determining his whereabouts.

Meanwhile I will grant the defendant Nurse Gagliani's motion for referral of the claim against her to a medical malpractice tribunal.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE