UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DERRICK WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-10771-PBS |
| | ) | First Circuit No. 17-2030 |
| | ) | |
| PETER ST. AMAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STATEMENT WITH RESPECT TO ENTRY OF
SEPARATE AND FINAL ORDER OF JUDGMENT**

**November 8, 2017**

Saris, C.J.

Upon an unopposed motion of defendant Maryjo Gagliani, on
October 2, 2017, the Court entered a separate and final judgment
in favor of her (#179).  Thereafter, plaintiff Derrick
Washington, who is proceeding pro se, filed a notice of appeal
as to the partial judgment (#187).  In response to the directive
of the United States Court of Appeals for the First Circuit
(#191), the Court now sets forth a statement with respect to the
separate and final judgment in favor of Gagliano.

In the plaintiff's amended complaint (#40), he claims that
defendant Maryjo Gagliani "exercised deliberate indifference to
plaintiff's health by failing to provide adequate medical care
to him" following the alleged use of excessive force by
correction officers at MCI Cedar Junction.  Amend. Compl. ¶ 43.
Gagliani is the only medical care provider named as a defendant.

Upon her motion, Judge Woodlock, who presided over this action

at the time, referred the matter to the state Medical

Malpractice Tribunal ("Tribunal"), which found in favor of

Gagliani.  On March 28, 2015, Judge Woodlock entered an

electronic order (#118) granting Gagliani's motion to dismiss

based on Washington's failure to post the bond required under

M.G.L. ch. 231 § 60B.

This case was reassigned to the undersigned on April 27,

2017, more than two years after Gagliani had been dismissed from

this action. On September 12, 2017, Gagliani filed a motion for

a separate and final judgment (#175), which the plaintiff did

not oppose.  Gagliani had argued: "The Suffolk Superior Court

dismissed the only claim against Ms. Gagliani.  Mr. Washington's

attempts to appeal that dismissal have been futile . . . . The

counts against the remaining Defendants are not related to

Ms. Gagliani; they involve constitutional claims, as well as

claims concerning alleged violations involving prison policies."

Mot. at 2 (emphasis added).  The Court allowed the motion.

Upon further examination of docket, the Court believes that

it erred in entering the partial judgment because the plaintiff

also brought a claim under 42 U.S.C. § 1983 against her which

the prior judge did not address.  Having entered the order, the

Court is now without jurisdiction.  See Fed. R. Civ. P. 54(b).

Should the First Circuit deem it appropriate to remand this

case, the Court would vacate the entry of partial judgment and address the § 1983 claim.

The Clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.

SO ORDERED.

/s/ Patti B. Saris _____
PATTI B. SARIS
CHIEF, U.S. DISTRICT JUDGE